IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLISTOPHER L. THOMAS, #229918, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-507-MHT ) |
| WALTER MYERS, et al., | ) ) |
| Defendants. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION[1]**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Clistopher L. Thomas, an indigent state inmate incarcerated at the Easterling Correctional Facility.  In this complaint, Thomas alleges that the defendants subjected him to excessive force on April 18, 2018, including the use of mace, and failed to allow him access to decontamination measures in a timely manner.  Doc. 1 at 3.

On May 25, 2018, Thomas filed a document which the court construed to contain a motion for preliminary injunction.  In this motion, Thomas asserts that the segregation cells at Easterling "are not ventilated, they have no exhaust ventilation for air to properly circulate."  Doc. 10 at 1.  Thomas requests entry of injunctive relief requiring defendant Walter Myers, the warden at Easterling, "to stop the use of the segregation cells" for this reason.  Doc. 10 at 1.

---

[1] The documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

The court entered an order directing the defendants to file a response to the motion for preliminary injunction. Doc. 12. The defendants filed their response in opposition to the motion for preliminary injunction, supported by an affidavit from defendant Myers, on June 15, 2018. Docs. 21 & 21-1.

Upon review of the motion for preliminary injunction and the response filed by the defendants, the court concludes that this motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Thomas demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary);

*Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In the motion for preliminary injunction, Thomas requests that the defendants be required to close the segregation cells at Easterling due to an alleged lack of proper ventilation. Warden Myers addresses this request for relief as follows:

> Inmate Clistopher Thomas … claims that Easterling Correctional Facility's Segregation Unit Cells have no ventilation, which causes extreme heat temperatures that could lead to health problems.
>
> Answer – Inmate Thomas has not had any health issues due to the heat temperatures. Each segregation cell at Easterling Correctional Facility has a window that opens to the outside so that air can flow inside from the outdoors. The Segregation Unit also has attic fans that are controlled by the cubicle operators that help the air to properly circulate. There are no noted complaints of any inmate exhibiting health issues due

to heat temperatures in the Segregation Unit. Inmate Thomas's accusations are unfounded.

Doc. 21-1.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Thomas has failed to demonstrate a substantial likelihood of success on the merits of the claim on which he seeks the requested relief. Thomas likewise fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants, as issuance of the requested preliminary injunctive relief would interfere with the daily operation of Easterling. Finally, the public interest element of the equation is, at best, a neutral factor at this time. Thus, Thomas has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff (Doc. 10) be DENIED.

2. This case be referred back to the undersigned for additional proceedings with respect to the claims raised in the complaint.

The parties may file objections to the Recommendation on or before **July 6, 2018**. The parties must specifically identify the factual findings and legal conclusions in the

Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 21st day of June, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge