IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLISTOPHER L. THOMAS, #229918,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:18-CV-507-MHT |
| ) | |
| WALTER MYERS, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Clistopher L. Thomas, an indigent state inmate currently incarcerated at the Fountain Correctional Facility. In the complaint, Thomas alleges that while he was confined at the Easterling Correctional Facility the defendants subjected him to excessive force on April 18, 2018, including the use of mace, and failed to allow him access to decontamination measures in a timely manner. Doc. 1 at 3.

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits, institutional records, photographs and medical records, in which they address the claims for relief presented by Thomas. The report and evidentiary materials respond to the conclusory allegations presented by Thomas. Specifically, the defendants assert that they did not act in violation of the plaintiff's constitutional rights, as they only used that amount of force necessary to gain control of Thomas after he disobeyed orders, acted in a disruptive manner, became

physically aggressive, and fled from the officers. Doc. 30-3 at 1–2; Doc. 30-6 at 1. The evidentiary materials filed by the defendants further indicate that Thomas received medical treatment and underwent decontamination immediately after the use of force about which he complains. Doc. 30-3 at 2; Doc. 30-6 at 1; Doc. 30-7 at 1.

In light of the foregoing, the court issued an order directing Thomas to file a response to the defendants' written report. Doc. 31. The order advised Thomas that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 31 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 31 at 1 (emphasis in original). The time allotted Thomas for filing a response expired on August 17, 2018. Thomas has failed to file a requisite response in opposition to the defendants' written report. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Thomas is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary

materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred.  It likewise appears that any additional effort by this court to secure the plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the court concludes that the abandonment of this case by Thomas and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **October 4, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive,

or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 21st day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge